HAROLD BIRMINGHAM
*vs.*
SEARS, ROEBUCK & COMPANY

Aroostook.    Opinion, February 8, 1956.

*James P. Archibald,* for plaintiff.

*Beck and Beck,*
*Scott Brown,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, CLARKE, JJ.

WILLIAMSON, J. This tort action is before us on motion for a new trial after verdict for the defendant. The plaintiff seeks to recover damages suffered through negligence in the installation of automatically controlled ventilating equipment in the basement of a barn used for the storage of approximately 12,000 barrels of potatoes.

The purpose of the equipment was not to heat the storage space, but to remove excess heat and moisture. The defendant installed a fan in a basement wall with a humidity control nearby and a temperature control placed on the outer wall of the storage space in a room near the entrance to the basement.

The negligence complained of is that the defendant placed the only temperature control in the room which would be the warmest part of the basement when artificial heat was used and no other controls in the storage area to stop the fan when the temperature there reached a dangerous and near freezing level.

The equipment was installed and the control adjusted and fixed to a certain temperature by the defendant. The plaintiff had reason to rely on the skill and judgment of the defendant in the work performed by it.

In operation the fan was designed to expel air from, and of course to draw air from elsewhere into, the storage space. In the winter of 1949-50 it seems clear that the agreed loss of 1036 barrels from freezing resulted from cold air drawn into the storage space from the continued and excessive operation of the fan.

The difficulty with the plaintiff's case is that he used a salamander or oil stove for a considerable period in the winter in the room where the temperature control was located, thus raising the temperature above the point set in the control. The fan was then called into operation.

On two grounds the jury could have found the plaintiff was guilty of contributory negligence. First, he negligently interfered with the effective operation of the automatic controls installed by the defendant. Second, he negligently failed to observe that the fan operated for long periods, thus introducing cold air into the storage area to a dangerous degree, and to remedy the condition created by his own act.

The case was fully and completely tried. The issue is not whether we agree with the verdict, but whether the decision of the jury was clearly wrong. We find nothing to indicate that the jury reached the verdict through bias, prejudice, or mistake of law or fact. *First Nat'l Bank* v. *Morong et al.,* 146 Me. 430, 82 A. (2nd) 98 (1951).

The entry will be

*Motion denied.*